**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILADELPHIA HOSPITAL & HEALTH CARE<br>EMPLOYEES – DISTRICT 1199C TRAINING FUND<br>and JENNIFER HERRMANN, Executive Director<br>One South Broad Street, 6th Floor<br>Philadelphia, PA 19107<br>Plaintiffs,<br>v.<br><br><br>WEST PHILADELPHIA COMMUNITY<br>MENTAL HEALTH CONSORTIUM, INC.<br>a/k/a THE CONSORTIUM, INC.<br>3751 Island Ave., Suite 303<br>Philadelphia, PA 19153<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. |

**COMPLAINT IN CONFESSION OF JUDGMENT**

Plaintiffs, Philadelphia Hospital & Health Care Employees – District 1199C Training and Upgrading Fund and Jennifer Herrmann, Executive Director, complain about Defendants West Philadelphia Community Mental Health Consortium, Inc. a/k/a The Consortium, Inc. as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are made under federal statutes or federal common law, and the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to claims that are found to lie under state law.

## VENUE

2. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2) and the instruments granting authority to file this Complaint.

## PARTIES

3. Plaintiff, Philadelphia Hospital & Health Care Employees – District 1199C Training and Upgrading Fund ("Training Fund"), is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Training Fund maintains a place of business and is administered at the address listed in the caption of this Complaint.

4. Plaintiff, Jennifer Herrmann ("Herrmann"), is the Executive Director and a fiduciary with respect to the Training Fund within the meaning of 29 U.S.C. § 1002 (21) with respect to the collection of contributions due to the Training Fund. She has a business address as listed in the caption. She is authorized to bring this action on behalf of all Trustees of the Training Fund.

5. Defendants, West Philadelphia Community Mental Health Consortium, Inc. a/k/a The Consortium, Inc. ("Defendants"), is a Pennsylvania corporation and an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11), and (12). Defendants have a business address listed in the caption.

## CAUSE OF ACTION

6. At all times relevant to this action, Defendants were party to a collective bargaining agreement(s) with the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, District 1199C ("Union"). The collective bargaining agreement requires the Defendant to submit reports and remit monthly contributions to the Training Fund. Defendants became delinquent in submitting required contributions to the Training Fund. The Plaintiffs filed a complaint against the Defendant in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 25-1972. After the complaint was served, and discovery had been completed, including an audit of the delinquent period, the Parties entered into a Settlement Agreement with Note to resolve the Defendants' delinquency.

7. Attached to this Complaint is a true and correct copy of Confidential Settlement Agreement and General Release ("Settlement Agreement"), with Judgment Note and Warrant of Attorney to Confess Judgment. Note ("Judgment Note") dated October 22, 2025, in the total Principal Amount of $161,083.00. The Principal Amount included the contributions owed, interest, liquidated damages (10% of contributions owed), attorneys' fees and costs, and the auditor's fees. A true and correct copy of the Settlement Agreement with Judgment Note and Warrant of Attorney to Confess Judgment is attached hereto and incorporated by reference as Exhibit 1.

8. In the Settlement Agreement, Defendants agreed to pay the total principal amount of $161,083.00 in twelve installments of $13,923.59, payable on the 15th day of the month. The installment payments reflected that the Defendants were paying ongoing interest of 7% per annum until the outstanding amount was paid. The Settlement Agreement and Judgment

Note with Warrant of Attorney to Confess Judgment provides that Plaintiffs may confess judgment on Defendant's behalf in the event of default that is uncured.

9. The Defendants paid the first installment of $13,923.59 as provided for in the Settlement Agreement, under Section 1(a), "Payment". Defendant failed to pay the second installment of $13,923.59, which was due on December 15, 2025, under Section 1(b) of the Settlement Agreement. (Ex. 1, Page 1).

10. Section 4(b) "Default and Remedy" of the Settlement Agreement addresses the procedure in the event of a default of an installment. It provides that the Plaintiffs should notify the Defendants of a default in writing. Specifically, letter is to be sent via First Class Mail and email to the Defendants and Defendants' counsel, notifying them of the default and the right to cure the default within fourteen (14) days from the date of the letter. On January 5, 2026, Fund Counsel sent a letter by first class mail and email to Defendants, to the attention of Alicia Burbage, Chair of the Board of Directors and Defendant's Counsel, Kevin V. Mincey, Esquire notifying them of the default relating to the Defendants' failure to make the December 15, 2025 installment payment. A true and correct copies of the letter and email transmission dated January 5, 2026, are attached hereto and incorporated by reference as Exhibit 2.

11. Defendants failed to respond or pay the second payment. In fact, Defendant has not made any payments after the initial payment of $13,923.59. Pursuant Section 4(a) of the Settlement Agreement, in the event of the Defendant's failure to cure a default, the Plaintiffs are entitled to have a judgment entered against the Defendants for any outstanding principal in Sections 4(a) and (b), less amount(s) paid or credited to the principal amount. Judgment may now be entered pursuant to the Settlement Agreement, Judgment Note and Warrant of Attorney to Confess Judgment.

12. Defendants has defaulted on the Settlement Agreement and Judgment Note. The Judgment Note has an acceleration clause, where the failure to cure the default triggers the remaining installments, plus interest, and attorneys' fees and costs are due. There is an attorneys' fees clause on page 1 of the Judgment Note. An itemized computation of the amount currently due is as follows:

| | |
|---|---|
| Principal sum | $161,083.00 |
| Less payments made and credited to principal | -$13,923.59 |
| Interest rate of 7% per annum from 12/16/2025 to 9/25/26 | $3,511.80 |
| Attorneys' fees through September 25, 2026 | $560.00 |
| Total owed as of September 25, 2026 | $151,231.21 |

13. Judgment in favor of Plaintiffs and Against Defendant is demanded as authorized by the Warrant of Attorney filed concurrently with this Complaint.

14. The instrument at issue is less than twenty years old. Accordingly, no application for a court order granting leave to enter judgment after notice is required.

15. Defendants have agreed to waive any stay of execution on the Judgment confessed. Ex. A, Note "Confession of Judgment."

16. Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

17. Judgment on the Settlement Agreement with Judgment Note (Ex.1) has not heretofore been entered in any other jurisdiction.

18. The Settlement Agreement with Judgment Note (Ex. 1) has not been assigned.

19. The Defendant is neither incompetent nor infants, nor is the Defendant in military service.

20. This Court is authorized to enter judgment in these circumstances. *D.H. Overmyer Co. of Ohio v. Frick Co.,* 405 U.S. 174 (1972); *SMI Industries, Inc. v. Lanard & Axilbund, Inc.*, 481 F. Supp. 459 (E.D.Pa. 1979); E.D.Pa. L.R.C.P. 56.1.

**WHEREFORE**, Plaintiffs demand judgment be entered in the sum of $151,231.21 in their favor and against Defendants West Philadelphia Community Mental Health Consortium, Inc. a/k/a The Consortium, Inc, plus continuing interest at the rate of seven (7) percent on the principal balance until the balance has been paid, and to grant such additional relief as is just.

Respectfully submitted,

SPEAR WILDERMAN, P.C.

Dated: September 28, 2026

BY: */s/ Vlad Kachka*

VLAD KACHKA (ID. NO. 326318)
SUSAN A. MURRAY (ID. NO. 53036)
230 S. Broad Street, Suite 1650
Philadelphia, PA 19102
(215) 732-0101
vkachka@spearwilderman.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILADELPHIA HOSPITAL & HEALTH CARE<br>EMPLOYEES – DISTRICT 1199C TRAINING FUND<br>and JENNIFER HERRMANN, Executive Director<br>One South Broad Street, 6th Floor<br>Philadelphia, PA 19107<br>Plaintiffs,<br>v.<br><br>WEST PHILADELPHIA COMMUNITY<br>MENTAL HEALTH CONSORTIUM, INC.<br>a/k/a THE CONSORTIUM, INC.<br>3751 Island Ave., Suite 303<br>Philadelphia, PA 19153<br>Defendant. | : | CIVIL ACTION NO. |

**ENTRY OF APPEARANCE AND**
**<u>CONFESSED JUDGMENT</u>**

Kindly enter my appearance for Defendants West Philadelphia Community Mental Health Consortium, Inc. a/k/a The Consortium, Inc, in the above action.

AND NOW, pursuant to the authority contained in the Warrant of Attorney, a true and correct copy of which is attached to the Complaint in Confession (as Exhibit 1) filed in this action, I appear for Defendants and confess judgment in favor of the Plaintiffs and against Defendants as follows:

| | |
|---|---|
| Principal sum | $161,083.00 |
| Less payments made and credited to principal | -$13,923.59 |
| Interest rate of 7% per annum from 12/16/2025 to 9/25/26 | $3,511.80 |
| Attorneys' fees through September 25, 2026 | $560.00 |

| | |
|---|---|
| **Total owed as of September 25, 2026** | **$151,231.21** |

Respectfully submitted,

SPEAR WILDERMAN, P.C.

Dated: September 28, 2026

BY: */s/ Vlad Kachka*

VLAD KACHKA(ID. NO. 326318)
SUSAN A. MURRAY (ID. NO. 53036)
230 S. Broad Street, Suite 1650
Philadelphia, PA 19102
(215) 732-0101
vkachka@spearwilderman.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILADELPHIA HOSPITAL & HEALTH CARE<br>EMPLOYEES – DISTRICT 1199C TRAINING FUND<br>and JENNIFER HERRMANN, Executive Director<br>One South Broad Street, 6th Floor<br>Philadelphia, PA 19107<br>Plaintiffs,<br>v.<br><br>WEST PHILADELPHIA COMMUNITY<br>MENTAL HEALTH CONSORTIUM, INC.<br>a/k/a THE CONSORTIUM, INC.<br>3751 Island Ave., Suite 303<br>Philadelphia, PA 19153<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. |

**CERTIFICATION IN SUPPORT OF**
**REQUEST FOR ENTRY OF JUDGMENT BY CONFESSION**

I, Vlad Kachka, certify as follows:

1. I am counsel to Plaintiffs in the matter. The transaction upon which the judgment being entered is based did not arise from a retail or consumer installment sale, contract or account.

2. The transaction upon which the judgment being entered is based was a business transaction.

3. There remains due and owing to the Plaintiffs in connection with this transaction the principal amount of $147,159.41.

4. The Defendants West Philadelphia Community Mental Health Consortium, Inc. a/k/a The Consortium, Inc, have defaulted on the Agreement and have received Notice as required under Paragraph 4 of the Settlement Agreement and Judgment Note. (See Exhibit 2)

5. Plaintiffs are entitled to interest to run at 7% on the principal balance until paid (the rate then charged by the IRS for delinquent taxes under Section 6621(a) of the Internal Revenue Code), as referenced in 29 U.S.C. §1132(g).

6. Pursuant to 29 U.S.C. §1132(g)(2), the Settlement Agreement and Judgment Note, Plaintiffs are entitled to recover reasonable counsel fees and costs in this action.

7. Defendants West Philadelphia Community Mental Health Consortium, Inc. a/k/a The Consortium, Inc., are Pennsylvania Corporations and are neither incompetent nor an infant or not in military service.

8. The facts set forth in Complaint and accompanying documents are true and correct to the best of my knowledge, information and belief upon reasonable investigation, and Exhibit 1 filed herewith is a true and correct copy of a Judgment Note and Confession of Judgment.

9. I verify under penalty of perjury that the foregoing is true and correct.

Executed: September 28, 2026

*/s/ Vlad Kachka*
Vlad Kachka, Esquire (PA ID 326318)